**BONGIORNO, Plaintiff-Appellee, v. BONACCI, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23452. Decided June 22, 1955.

Sindell & Sindell, Cleveland, for plaintiff-appellee.
Kuth & Meyers, Cleveland, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, MIDDLETON, J, of the Third District, sitting by designation in the Eighth District.)

## OPINION

Per CURIAM:

In this appeal on questions of law, the principal question concerns the charge of misconduct of counsel in oral argument to the jury.

Counsel for the plaintiff-appellee, Carl F. Bongiorno, was so very anxious to castigate the insurance company and not to try the issue of damages that he went far afield in his oral argument, which was highly objectionable and of such a character as to constitute misconduct upon the part of counsel for the appellee. This Court does not condone such conduct and under ordinary circumstances, would have found such error

prejudicial to the rights of the appellant, Anthony Bonacci, so as to require this Court to reverse and remand the case to the trial court for further proceedings.

Extraordinary circumstances, however, are found in the bill of exceptions which we have examined carefully, especially with reference to the testimony of the medical experts who gave evidence concerning the effect that even a slight injury would have upon the type of herniated disc which the evidence showed this plaintiff had.

The plaintiff claimed that he had a painless and non-disabling defect in his back before the accident, and that the accident aggravated this condition. All of the medical testimony (none of which is controverted), shows the above condition to be the situation herein. The accident and liability were admitted. The only question in the case was as to whether plaintiff suffered any injury, and, if he did, what compensation in damages should be awarded.

We should emphasize that the fact of insurance was not only admitted by counsel for defendant-appellant, but such fact was affirmatively stated in the opening statement to the jury and during the course of the trial. The only conflict in the testimony arose when the plaintiff-appellee, Bongiorno, denied that he made certain oral statements to the insurance adjuster. The insurance adjuster, the only witness for the appellee, Bonacci, who, it was admitted, was only the nominal party herein, testified in direct contradiction to Bongiorno, concerning the attempt to amicably adjust this matter out of court and also as to the nature and extent of the injuries Bongiorno said he received. It was from such a situation that the unusual oral argument developed.

We think the law in the situation herein has been clearly stated by the Supreme Court of Ohio in the case of **Book v. Erskine & Sons, Inc., 154 Oh St 391**, and in **Plas v. Holmes Construction Co., 157 Oh St 95,** but authority is also found for the following statement in **39 O. Jur.,** at **p. 722, Sec. 136,** under the subject of Trial:

"* * * There are, in fact, numerous cases wherein the misconduct of counsel, while condemned with emphasis and unqualifiedly, has not been considered fatal to the verdict rendered. This may be true, even though the trial court neglected its official duty in permitting it if it cannot be said that a different verdict would have resulted had the improper language not been used."

In the present case, we do not believe the verdict is excessive or that the language used by counsel for Bongiorno had the effect which was sought to be produced by vilifying the insurance company.

We have examined all of the claimed errors, and while we do not approve an oral argument such as we find herein, we do not find error prejudicial to the substantial rights of the appellant and we do find that substantial justice has been done to the parties.

The judgment of the trial court is affirmed. Exceptions. Order see journal.

HUNSICKER, PJ, DOYLE, J, MIDDLETON, J, concur.